THE PEOPLE, ex rel. JAMES MASTERSON, Respondent, *v.* THE BOARD OF FIRE COMMISSIONERS OF THE CITY OF NEW YORK, Appellant.

(Argued June 3, 1884; decided June 17, 1884.)

THIS is an appeal from an order of General Term, reversing an order of Special Term, dismissing a writ of *certiorari* brought to review the proceedings of defendant in the removal of the relator from the position of fireman in the fire department of said city.

The following is the *mem.* of opinion.

"Since the relator had notice of the charges brought against him, and a hearing thereon, and so was removed from the

department in the manner required by the provisions of the statute (§ 77, chap. 335, Laws of 1873; § 60, chap. 137, Laws of 1870), but a single question remains, possible to be raised in his behalf; and that is, whether the evidence before the board of fire commissioners tended to establish any cause for removal. We are not to inquire into the merits of the decision, or the justness of the penalty imposed. We can only look far enough to see that some violation of duty, or some incompetency or negligence was charged against the relator, and evidence given tending to establish its existence. (*People, ex rel. Hart*, v. *Bd. of Fire Commissioners*, 82 N. Y. 358.)

" The charges against him were absence without leave ; disobedience of orders; and neglect of duty. The evidence showed that on the night of the 17th of April the relator fell from the tender and hurt his left leg, and immediately went home — so far as appears without permission from anybody, and with only the excuse or justification of the injury received. His duty was to report to the medical officer at head-quarters if able, and his omission to do that was excusable solely on the ground of inability. The medical officer called upon him in the evening and examined his injury. He testified that it was slight and consisted merely of an abrasion of the external skin, though he thought possibly there might be some stiffness of the knee joint. He directed the relator to report at head-quarters at eight o'clock the next morning. The direction was disobeyed. It is said the surgeon had no authority to give such an order. But an order was not needed. The relator was already absent from duty without leave; had gone home without permission of his commanding officer; and was bound, without an order, to return to duty in the morning, unless his injury was both the excuse and justification. On that point the evidence of the surgeon was against him, and the direction to report, at head-quarters the next morning was at least a notification that the medical officer would not deem a longer absence excusable. But he did not report for duty the next morning, and not until the close of the day, and upon a written order from his commanding officer, did he make his appearance for duty. In the interim he sent his wife to say

he was unable to come, but there is no proof of such inability. When called upon to explain and make any statement upon his own behalf he refused and remained silent. The case, therefore, stood that he was absent without leave, and his excuse shown to be insufficient by the evidence of the medical officer, or at least the proof tended to establish such insufficiency and was met by no answer on his part, beyond an unsworn assertion. It is said that the relator was excused from fire duty beginning on the morning of the 18th. But the performance of "light duty," from which he was not excused, equally required him to be at his post, ready to obey proper orders, even though for the time service at fires was excused. He remained at home when he knew that his injury was not deemed a sufficient excuse; and if in truth it was, and, the contrary judgment of the medical officer was a mistake, the relator should himself have been willing to verify the fact, and not remain silent when furnished an opportunity to speak. Upon such evidence and such a state of facts we think it quite clear that the General Term was not at liberty to reverse the judgment of the trial board.

"The order of the General Term should be reversed, and that of the Special Term and the order of the commissioners should be affirmed."

*D. J. Dean* for appellant.

*Ambrose H. Spencer* for respondent.

*Per Curiam* opinion for reversal of order of General Term and affirmance of that of Special Term.

All concur.

Ordered accordingly.